UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
THOMAS GRIMES, DEBORAH
WILLIAMS and CARNETTA JONES,

             Plaintiffs,

    -against-                                                               **COMPLAINT WITH JURY DEMAND**

CELEBRITY CRUISE LINES, ROYAL
CARIBBEAN INTERNATIONAL,
NBC UNIVERSAL and BRAVO
TELEVISION NETWORK,

             Defendants.
-------------------------------------------------------X

Plaintiffs, THOMAS GRIMES ("Mr. Grimes"), DEBORAH WILLIAMS ("Ms. Williams") and CARNETTA JONES ("Ms. Jones"), by and through their attorneys, Peri & Stewart, LLC, as and for their Complaint against the defendants, respectfully allege as follows:

### NATURE OF THE ACTION

1. This is a civil action for damages arising from: (a) breach of an implied contract; (b) violation of copyright laws (17 *U.S.C.* §§501, *et, seq.*) by Defendants, CELEBRITY CRUISE LINES ("Celebrity") and ROYAL CARIBBEAN INTERNATIONAL ("Royal Caribbean") NBC UNIVERSAL and BRAVO TELEVISION NETWORK, (collectively, the "Defendants").

2. This complaint has greater significance. Plaintiffs, Mr. Grimes and Ms. Jones are African-American. Plaintiff, Ms. Williams, was married to an African American; she and her children from that marriage are an African American family. Certain of the defendants, specifically, NBC Universal (together with non-defendant, COMCAST) entered into a certain agreement with the NAACP INSERT on or about December 15, 2010 (the "Diversity Fairness

Agreement"). A true and complete copy of the Diversity Fairness Agreement is attached hereto as Exhibit "A" and made a part hereof. The purpose of the Diversity Fairness Agreement is set forth in the very first section and states:

> 1. Purpose
>
> Comcast, NBCU, and the National African American Leadership Organizations share a belief that increased participation and involvement in all communities in which Comcast and NBCU do business across their enterprise, including the African American community, will benefit those communities, Comcast, and NBCU.
>
> Comcast, NBCU, and the National African American Leadership Organizations acknowledge that working together is appropriate to achieve the goals, objectives, and overall spirit of this MOU.
>
> This MOU is set forth primarily (1) to enhance the policies and programs by which African Americans may realize greater participation in the five focus areas listed in this MOU; and (2) to identify and pursue actions by which the National African Leadership Organizations can support the growth of Comcast and NBCU's business within the African American consumer market.
>
> Nothing in this MOU is intended either to disadvantage or to provide favoritism to any community. While this MOU highlights efforts that Comcast and NBCU are currently undertaking to support the African American community, there are and will continue to be many other ongoing efforts by the companies now, and by the combined company in the future, that support myriad diverse communities and interest groups.
>
> Consistent with the understanding in connection with the agreement entered into among Comcast, NBCU, and various Hispanic Leadership Organizations, dated June 25, 2010, the parties agree that the intent of this MOU is to create a free-standing agreement on diversity commitments and that the commitments made herein are binding upon the parties, but shall not be conditioned on approval of the transaction by the Federal Communications Commission ("FCC").

As is revealed in the conduct and active and unrelenting participation of NBC Universal and its subsidiary BRAVO TELEVISION NETWORK in the unseemly conduct, these defendants in active complicity and cooperation with Celebrity and Royal Caribbean, demonstrate their

organizations' utter and complete disregard for both the spirit and letter of the Diversity Fairness Agreement. Their misconduct plainly reflects the cold fact that these organizations are not genuinely committed to or have any true interest in promoting, protecting and embracing minority participation in the entertainment industry. Rather, they simply execute documents well knowing that such agreements are window-dressing while their conduct is in direct violation of the Diversity Fairness Agreement.

## THE PARTIES

3.   Plaintiff, THOMAS GRIMES, is an African American individual residing in the Commonwealth of Virginia.

4.   Plaintiff, DEBORAH WILLIAMS is an individual residing in the State of California. Her husband was African-American and her children are African American.

5.   Plaintiff, CARNETTA JONES, is an African American individual residing in the State of California.

6.   Upon information and belief, defendant, Celebrity Cruise Lines (hereinafter referred to as "Celebrity") is a Florida-based cruise line company with a place of business located at 1050 Caribbean Way, Miami, Florida 33132. Upon information and belief, Celebrity is incorporated in the State of Delaware and transacts business throughout the United States of America, including without limitation, the State of New York.

7.   Upon information and belief defendant, Royal Caribbean International (hereinafter referred to as "Royal Caribbean") is a cruise line company with its principal place of business located at 1050 Caribbean Way, Miami, Florida 33132. Upon information and belief, Royal Caribbean is a wholly-owned subsidiary of Celebrity and has a place of business in Miami, Florida. Upon information and belief, Royal Caribbean is incorporated in the State of Delaware

and transacts business throughout the United States of America, including, without limitation, the State of New York.

8. Upon information and belief, NBS UNIVERSAL is a Delaware company with offices and its principal place of business located at 30 Rockefeller Plaza, New York, New York.

9. Upon information and belief, BRAVO TELEVISION NETWORK (hereinafter referred to as "Bravo") is a Delaware company with offices and its principal place of business located at 30 Rockefeller Plaza, New York, New York.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action under 28 *U.S.C.* §§1332 (diversity jurisdiction), 28 *U.S.C.* § 1331 (federal question jurisdiction), and 28 *U.S.C.* §1367 (supplemental jurisdiction). The amount in controversy exceeds ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00).

11. Venue is proper in this district under 28 U.S.C. §1391(a) and because Defendants are subject to personal jurisdiction in this district because New York, New York is the principal place of business of Defendants, NBC Universal and Bravo, and defendants, Royal Caribbean and Celebrity do business regularly in New York.

## FACTS

12. In 2013, Plaintiffs conceived a novel idea and treatment for a cruise line reality television series titled "Walk the Plank" (the "Walk the Plank Program") based on the following:

- Cooking competitions are a part of mainstream pop-culture. Americans interest in cooking have heightened. Americans interest in watching food networks have heightened to the extent where they describes themselves as "foodies."

4

- Foodies are loyal and curious how-to-cook enthusiasts! They have big appetites and indulge in a smorgasbord of personality driven reality cooking shows with tasty cuisines and interesting settings! Foodies are ready to test their palate on cruise line cuisine! They are ready to come aboard and experience the ship life of 13 chefs battling to become the Executive Chef of a luxury cruise line!

- "Walk the Plank" is a reality cooking competition show that takes place in the galley of a cruise ship. 13 chefs will compete for the grand prize of being the Executive Chef of a cruise ship. They will be challenged to create various continental cuisines and culinary delights. Episodes will show themed food creations with added ingredients as a twist.

- The contestants will be responsible for a three course meal: appetizer, entrée and dessert. Menu selection must be suitable for cruise ship dining. All meals will be prepared and presented to the judges within a set time.

- Under the direction of the head executive chef, contestants will be judged according to taste, presentation and creativity! Contestants will discuss and choose one person they feel is weak in character, and/or as a cook, and should be eliminated. The host and head executive chef will take the contestant's votes into consideration to make the ultimate decision. There will be weekly eliminations. The weekly winner of the challenge is safe from elimination. The unlucky one will be told to "Walk the Plank" upon dismissal.

- The contestants will live on a docked cruise ship with their mentor. They will eat, sleep and cook together-life on deck! What will happen if they can't take the heat? Will it be smooth sailing or rock at sea? Either way…someone will "Walk the Plank"!

13. In 2013, Plaintiffs conceived a novel idea and treatment for a cruise line reality television series titled "Beyond the Cruise Line" (the "Beyond the Cruise Line Program") based upon the following:

14. At the time of the events in question, defendants Royal Caribbean, Celebrity, NBC Universal and Bravo knew that the pitching of creative ideas for compensation was part and parcel of Plaintiffs' livelihood and business.

- Life onboard a ship is a fascination to dreamers. They use their imagination as a way of exploration. Dreamers live vicariously through another's

5

experiences.
- They experience the intrigue of adventure and the thrill of traveling to foreign destinations, embracing new people and cultures and lifestyles through the eyes of another. Perhaps, through the eyes of the staff and crew of *Royal Caribbean*, the master of "freestyle cruising."
- Beyond the cruise, is a reality TV series. It's an up close and personal view of real lives, in real time of a captain, chef, bartender, steward, cruise director, passengers, and others.
- We will vicariously experience their camaraderie, their harmony, their drama, their romance, and their hierarchy. Anticipating encounters behind the scenes is alluring. What happens before and after the cruise passengers go to bed? What happens behind closed doors?

- An education, an escape…and an escapade on the sea!

15. Moreover, Plaintiffs communicated with individuals at Royal Caribbean and Celebrity, including Ms. Lyan Sierra-Caro, Senior Account Executive, Global Brand Communications of Royal Caribbean. Ms. Sierra-Caro, was a representative of Royal Caribbean and Celebrity and worked in the cruise line industry. As such, at all relevant times Mr. Sierra-Caro knew (a) that creators such as the Plaintiffs herein pitch creative ideas to prospective purchasers with the object of selling those ideas for compensation; and (b) that it was standard in the cruise-line and entertainment industry for ideas to be pitched with the expectation of compensation in the event of use.

16. After conceiving of the ideas for the reality series Walk the Plank Program and Beyond the Cruise Program, Plaintiffs worked together to create a treatment, which included character biographies and profiles, concepts, and themes.

17. Plaintiffs recorded their creation by registering Walk the Plank Program with the Writers Guild of America West, Inc.

18. Specifically, plaintiffs recorded the materials for the Walk the Plank Program on January 12, 2014. Attached hereto as Exhibit "B" and made a part hereof is a true copy of the document evidencing said recording.

6

19. Plaintiffs recorded their creation by registering Beyond the Cruise Program with the Writers Guild of America West, Inc.

20. Plaintiffs recorded the materials for the Beyond the Cruise Program on August 7, 2013. Attached hereto as Exhibit "C" and made a part hereof is a true copy of the document evidencing said recording.

21. From approximately October 29, 2013 until approximately November 22, 2013, plaintiff, Mr. Grimes, had a number of telephone conversations with Ms. Sierra-Caro concerning the Walk the Plank Program and the Beyond the Cruise Program.

22. On or around October 30, 2013, at the request of Ms. Sierra-Caro, Plaintiffs sent her materials related to the pitch of the Show. A true and complete copy of the materials related to the Walk the Plank Program and transmitted to Ms. Sierra Caro" is attached hereto as Exhibit "D" and made a part hereof (hereinafter referred to as the "Walk the Plank Materials"). A true and complete copy of the materials related to Beyond the Cruise Program and transmitted by plaintiffs to Ms. Sierra-Caro is attached hereto as Exhibit "E" and made a part hereof (hereinafter referred to as the "Beyond the Cruise Materials"). (Exhibit "D" and Exhibit "E" shall be collectively referred to as the "Materials").

23. The express purpose of sending the Materials to Ms. Sierra-Caro was to pitch creative ideas to Royal Caribbean and Celebrity for a television series. It was understood that Plaintiffs were pitching those ideas with the object of persuading Royal Caribbean and Celebrity and anyone working with them to purchase those ideas for commercial development, and/or to employ Plaintiffs in the production of those ideas.

24. After Plaintiffs sent those materials to Royal Caribbean and Celebrity, Plaintiffs told Ms. Sierra-Caro that they wanted to meet with her to pitch the shows represented in

the Materials.

25. On November 21, 2013, Ms. Sierra-Caro issued correspondence to Mr. Grimes, one of the Creators, stating, "We have reviewed your proposals and at this time will have to pass on this opportunity as we feel it does not align with our current priorities." A true and complete copy of said November 21, 2013 correspondence is attached hereto as Exhibit "F" and made a part hereof.

26. Ms. Sierra-Caro did not advise Plaintiffs, directly or indirectly, verbally or otherwise, that Defendants, Celebrity or Royal Caribbean, had or was developing a similar series with Defendants, NBC Universal and Bravo, whose main theme was a food reality show on board its cruise liners.

27. Unbeknownst to Plaintiffs, Royal Caribbean and Celebrity, NBC Universal and Bravo, misappropriated Plaintiffs' ideas (including the series concept and story lines) and secretly engaged in producing its own television series based on the ideas that were created by Plaintiffs and shared with Defendants.

28. On or about February 4, 2014, Plaintiffs learned that the Program they created and presented to Royal Caribbean and Celebrity was, in fact, appropriated by Royal Caribbean and Celebrity, in full cooperation and conspiracy with NBC Universal and Bravo, and was being produced (contrary to Ms. Sierra-Caro's written advice) and being aggressively advertised.

29. Attached as Exhibit "G" and made a part hereof is a true and complete copy of an article that was published on February 4, 2012 appearing at www.broadwayworld.com relating to Celebrity Cruises' launch of Top Chef at Sea Cruises.

30. Attached hereto as Exhibit "H" and made a part hereof is a true and complete copy of the print out of a press release which was prepared by defendant Bravo and published on February 4, 2014 at http://www.bravotv.com/blogs/the-dish/top-chef-is-setting-sail-for-the-high-seas

31. Without Plaintiffs' knowledge or consent, Royal Caribbean, Celebrity, NBC Universal and Bravo, have produced and are producing a television reality series titled "Top Chef at Sea" based upon and utilizing the detailed ideas, concept and story lines Plaintiffs had as reflected in the Materials (the "Misappropriated Show").

32. In general, the Defendants misappropriated:

   a. The concept in its entirety;
   b. The title;
   c. The execution;
   d. The partnership with Bravo;
   e. Worldwide distribution;
   f. Celebrity chef participation;
   g. Interactive website with audience participation; and
   h. Behind the scenes glimpse.

33. More specifically, but within limitation, the Misappropriated Show utilized the following non-exhaustive comparison of ideas that were misappropriated by Defendants from Plaintiffs:

   a. Plaintiffs' Description:

   Top Chef at Sea with a "Survivor" twist!

   Defendants' Description:

   Top Chef at Sea

   b. Plaintiffs' Description:

   THEY EXPERIENCE THE INTRIGUE OF ADVENTURE AND THE THRILL OF TRAVELING TO FOREIGN DESTINATIONS, EMBRACING NEW PEOPLE AND CULTURES ...

   Defendants' Description :

   ...the culinary adventure allows fans the ultimate show experience while

9

sailing the high seas to dream vacation destinations.

      c.    <u>Plaintiffs' Description</u>:

IT'S AN UP CLOSE AND PERSONAL VIEW OF REAL LIVES, IN REAL TIME OF A CAPTAIN, CHEF, BARTENDER, STEWARD, CRUISE DIRECTOR, PASSENGERS, AND OTHERS.

THE AUDIENCE WILL WITNESS THE. MASTERY OF CAPTAIN ON THE BRIDGE, THE CRUISE SAFETY AND REGULATIONS DEMONSTRATION, THE CHEF PREPARING WONDERFUL DELECTABLES IN THE GALLEY...

<u>Defendants Description</u>:

Top Chef at Sea lets fans get up close to their favorite cheftestants—and their dishes. Each voyage will include interactive Quickfire Challenges, private cooking classes and exclusive events hosted by former cheftestants.

      d.    <u>Plaintiffs' Description</u>:

FOODIES ARE LOYAL AND CURIOUS HOW-TO-COOK ENTHUSIASTS! THEY HAVE BIG APPETITES AND INDULGE IN A SMORGASBORD OF PERSONALITY DRIVEN REALITY COOKING SHOWS WITH TASTY CUISINES AND INTERESTING SETTINGS. FOODIES ARE READY TO COME ABOARD AND EXPERIENCE THE SHIP LIFE.

<u>Defendants' Description</u>:

The "Top Chef" cruise is the latest food-themed cruise package designed to appeal to foodies.

Ahoy, foodies...

... fans can enjoy an exclusive taste of the well-known series with enhanced

culinary experiences for foodies and globetrotters alike.

34. The Materials and concept of Plaintiffs is a competitive reality show with chefs competing on-board cruise liners combined with its passengers experiencing global travel.

35. Plaintiffs identified Bravo to defendants Celebrity and Royal Caribbean as a possible partner in the venture. In fact, a press announcement by Bravo stated, "Bravo is thrilled to announce the launch of Top Chef at Sea, set to kick off this summer. A partnership with Bravo and Celebrity Cruises, the culinary adventure allows fans the ultimate show experience while sailing the high seas to dream vacation destinations".

36. The coordination, cooperation and conspiracy of NBC UNIVERSAL and BRAVO with ROYAL CARIBBEAN and CELEBRITY as aforesaid is in direct contravention of both the spirit and letter of the Diversity Fairness Agreement to which NBC Universal is a party.

37. Plaintiffs learned that Royal Caribbean had decided to produce and broadcast the Misappropriated Show in or about February of 2014, when one of the Plaintiffs, Tom Grimes, observed a commercial for the Misappropriated Show. Upon information and belief, the defendants intend to begin broadcasting in or about July of 2014.

38. Royal Caribbean, Celebrity, NBC Universal and Bravo has deceived and will deceive the public by falsely stating that individuals other than Plaintiffs created the Misappropriated Show.

39. At no time did Royal Caribbean, Celebrity, NBC Universal or Bravo ever request or obtain Plaintiffs' consent to use the above-referenced ideas.

40. None of the Defendants has compensated Plaintiffs for the value of his or her contributions. By using Plaintiffs' concepts, Royal Caribbean, Celebrity, NBC Universal and Bravo will make millions of dollars. Plaintiffs, on the other hand, have received no compensation

whatsoever relating or referring to the Misappropriated Show

## COUNT ONE

### (Breach of Implied Contract)

41. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 41 of the Complaint as if fully set forth at length herein.

42. The Walk the Plank Program, the Beyond the Cruise Program and the Materials are an original and novel work, idea and expression thereof.

43. Plaintiffs submitted their idea and the Program to Celebrity and Royal Caribbean with the object of persuading the Defendants to purchase their ideas and the Walk the Plank Program and the Beyond the Cruise Program for commercial development. Upon information and belief, Celebrity and Royal Caribbean shared the ideas, the Walk the Plank Program and the Beyond the Cruise Program with NBC Universal and Bravo.

44. Plaintiffs and the Defendants, at all relevant times, knew that writers-creators pitch creative ideas to prospective purchasers with the object of selling those ideas for compensation.

45. Plaintiffs and the Defendants, at all relevant times, knew that it was standard industry practice for ideas to be pitched with the expectation of compensation in the event of use.

46. Plaintiffs the Defendants expressly understood that the Plaintiffs submitted their idea with the understanding that, if the Program was made, Plaintiffs would be compensated as creator, writer, producer and executive producer of the Show.

47. Defendants accepted the Program and ideas by receiving and keeping copies of Plaintiffs' Program Materials and concept after the submission via email.

48. Defendants' acceptance of the Program and Materials formed an implied-in-fact contract.

49. Defendants breached that contract by assisting others in producing and distributing the Show, a television show that was based on Plaintiffs' Program and ideas, and its derivatives, without compensating Plaintiffs when profits were made.

50. Plaintiffs were damaged as direct and proximate result of Defendants' breach. Plaintiffs have been damaged in an amount to be proven at trial, and they believe that they have been damaged in an amount that exceeds several million dollars, including, but not limited to, the value of Plaintiffs' ideas, and the loss of share of the profits derived from their ideas. Plaintiffs have also been deprived of credits to the Show that they are entitled to as well as product line sales commissions/compensation.

**WHEREFORE**, plaintiffs, THOMAS GRIMES, DEBORAH WILLIAMS and CARNETTA JONES, demand judgment against defendants, CELEBRITY CRUISE LINES, ROYAL CARIBBEAN INTERNATIONAL, NBC UNIVERSAL and BRAVO TELEVISION NETWORK, as follows:

    A. General and special damages according to proofs;

    B. Injunctive relief;

    C. Attorney's fees;

    D. Interest;

    E. Costs of suit; and

    F. Such other and further relief as the Court deems appropriate under the circumstances.

## SECOND COUNT

### (Copyright Infringement)
### (17 U.S.C. §§501, et, seq.)

51. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 50 of the Complaint as if fully set forth at length herein

52. Plaintiff is the owner of all right, title and interest in and to Plaintiffs' unregistered copyrights.

53. Plaintiff has never authorized, licensed or otherwise permitted Defendants to develop, produce, display, distribute, sell, or otherwise make any use of the Plaintiffs' Programs.

54. Defendants have copied, displayed and distributed the Plaintiff's copyrighted materials by developing, displaying, producing and or arranging for development, production, advertising, distribution, offering for sale and selling materials that infringe upon the Defendant's copyrights and which are identical or nearly identical to the Plaintiffs' Programs.

55. As a direct and proximate result of Defendants' unauthorized use of the Plaintiffs' copyrights, Plaintiff has suffered damages to its valuable copyrighted property and business and other damages in an amount to be proven at trial.

56. Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement.

**WHEREFORE**, plaintiffs, THOMAS GRIMES, DEBORAH WILLIAMS and CARNETTA JONES, demand judgment against defendants, CELEBRITY CRUISE LINES, ROYAL CARIBBEAN INTERNATIONAL, NBC UNIVERSAL and BRAVO TELEVISION NETWORK, as follows:

 A. General and special damages according to proofs;

 B. Injunctive relief;

      C.      Attorney's fees;

      D.      Interest;

      E.      Costs of suit; and

      F.      Such other and further relief as the Court deems appropriate under the circumstances.

Dated: New York, New York  
       July 2, 2014

**PERI & STEWART, LLC**

By: _____  
Michael T. Stewart  
Attorneys for Plaintiff  
One Passaic Avenue  
Fairfield, NJ 07004  
(973) 521-7426

## DEMAND FOR JURY

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: New York, New York  
       July 2, 2014

**PERI & STEWART, LLC**

By: _____  
Michael T. Stewart  
Attorneys for Plaintiff  
One Passaic Avenue  
Fairfield, NJ 07004  
(973) 521-7426

15